# McGlathery *v.* Williams.

*Statutory Trial of the Right of Property.*

1. *Interposition of claim suit in action of detinue; must be instituted before judgment rendered.*—Under the statute authorizing the interposition of a claim and the trial to the right of property by claimant in actions of detinue, (Code, § 1484), such claim can be interposed only where there has been a preliminary seizure of the property before the trial and judgment in such detinue suit; and after the rendition of judgment no claim to the property can be interposed under the statute.

APPEAL from the Circuit Court of Washington.

Tried before the Hon. A. H. ALSTON.

This was a statutory trial of the right of property sought to be interposed in a detinue suit originating as follows: The appellant brought an action of detinue against one J. P. Williams to recover certain specifically described personal property. This suit was instituted in a justice of the peace court. No bond for a writ of seizure was given. Upon the hearing of the cause in the justice court judgment was rendered in favor of the plaintiff against the defendant for the personal property

[McGlathery v. Williams.]

sued for, and on this judgment a writ was issued directing the seizure of the property and its delivery by the officer executing it to the plaintiff, and was executed by the sheriff taking the property and turning it over to the plaintiff. After this was done a claim was interposed by Louis N. Williams, the appellee, by an affidavit being made before the sheriff claiming the property levied upon and the execution of the bond. Thereupon in the justice of the peace court an issue was made up to try the right of property between the plaintiff and said claimant. In said justice of the peace court the plaintiff moved to dismiss the claim suit upon the grond that it was not such a case in which the claim could be interposed under the statute. This motion was sustained and from that judgment the claimant appealed to the circuit court. In the circuit court the motion to dismiss the claim suit was renewed, and said motion was overruled.

Upon the trial of the issues there was judgment in favor of the claimant The plaintiff appeals, and assigns as error, among other rulings of the trial court, the overruling of the motion to dismiss the claim suit.

CHAS. L. BROMBERG, for appellant.

LACKLAND & WILSON, contra.

DOWDELL, J.—In this case the suit was originally brought in the justice of the peace court by summons and complaint, without affidavit and bond, and there was no seizure of the property. The action thus begun proceeded to trial in the justice court between the plaintiff and defendant, and a judgment was there rendered in favor of the plaintiff for the property. On this judgment the justice issued a writ directing the seizure of the property, if it be found, and its delivery by the officer executing the writ to the plaintiff. The trial of right of property by claim suit is a creation of the statute, and without statutory authorization there can be no such proceeding. The only statute authorizing the interposition of a claim suit in an action of detinue and the trial of the right of property is section 1484, Code

of 1896. This section refers to section 1474, which authorizes, in suits for the recovery of personal chattels in specie, the issuance of a writ of seizure, pending the action, upon the plaintiff's making affidavit and giving bond as therein required. We think it plain that section 1484 authorizes the interposition of a claim and the trial of the right of property by a claimant only in cases in detinue where there has been a preliminary seizure of the property before trial and judgment in such detinue suit. As the claim in this case was interposed after judgment on trial had between the plaintiff and defendant, the proceeding was without authority of law.

A motion to dismiss the claim suit was made in the justice court, and was there sustained, and from that judgment the claimant appealed to the circuit court, where the motion was renewed by the plaintiff to dismiss the claim suit and was overruled by the circuit court. In this action the circuit court was in error; the motion should have prevailed; and for this error the judgment of the circuit court must be reversed and the cause remanded

Reversed and remanded.